An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHNNIE BENJAMIN JORDAN, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65271

FILED

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

On appeal from the denial of his petition filed on January 16, 2013, appellant argues that the district court erred in denying his claims of ineffective assistance of counsel. The State argues that the district court should have denied the petition as procedurally barred because it was filed more than a year after the remittitur issued on appeal. *See* NRS 34.726(1).

Appellant pleaded guilty to lewdness with a child under the age of 14. Before sentencing, appellant filed a proper person motion to substitute counsel because his counsel did not explain the plea agreement adequately and refused to file a presentence motion to withdraw his guilty plea. The district court denied the motion. Appellant was sentenced to 10

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30888

years to life in prison as stipulated by the parties in the plea agreement, and a judgment of conviction was filed on June 4, 2010. Appellant filed a direct appeal from that judgment of conviction.

On direct appeal, this court concluded that the district court had abused its discretion in denying appellant's motion to substitute counsel; thus, this court remanded the matter for the district court to conduct further proceedings. *See Jordan, Jr. v. State*, Docket No. 56181 (Order of Remand, March 17, 2011). On remand, the district court appointed new counsel, who filed a motion to withdraw the guilty plea. After conducting an evidentiary hearing, the district court entered an order denying the motion to withdraw the guilty plea. Appellant's appeal from the order was dismissed. *See Jordan, Jr. v. State*, Docket No. 59453 (Order Dismissing Appeal, January 12, 2012). The district court did not enter a new judgment of conviction.

We conclude that the post-conviction petition was filed prematurely, as there is no valid judgment of conviction in this case. The effect of the Order of Remand on direct appeal was to vacate the original judgment of conviction and place appellant back in a position where he could file a presentence motion to withdraw his guilty plea. Because this court vacated the sentence in the original judgment of conviction and no independent appeal lies from the denial of a presentence motion to withdraw a guilty plea, the district court should have entered a new judgment of conviction after denying appellant's motion to withdraw a guilty plea. Therefore, we vacate the order denying the post-conviction petition for a writ of habeas corpus and we direct the district court to enter

(O) 1947A

a new judgment of conviction in this case, which will start anew the time for filing an appeal from the judgment of conviction. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Douglas Smith, District Judge
     Michael H. Schwarz
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk